UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HEWITT,<br><br>    Plaintiff,<br><br>v.<br><br>BOARD OF PAROLE HEARINGS, et al.,<br><br>    Defendants. | Case No.: 1:19-cv-00501-SAB (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>[ECF No. 1] |

    Plaintiff Michael Hewitt is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    Currently before the Court is Plaintiff's complaint, filed April 17, 2019.

**I.**

**SCREENING REQUIREMENT**

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names the Board of Parole Hearings (BPH) and California Department of Corrections and Rehabilitation (CDCR), as Defendants.

On January 25, 2019, the BPH conducted a nonviolent early parole hearing pursuant to California Proposition 57. Plaintiff was denied parole as the BPH found he was an unreasonable risk to the public because he has not participated in sufficient rehabilitative programs to address the circumstances which led to his conviction. However, Plaintiff has participated in the correct programs to address his issues and has maintained employment in prison. It is not known what programs BPH requires of Plaintiff because it does not provide reasonable notice as to what is necessary for inmates at their base-term parole review.

CDCR has conspired with the BPH to prevent inmates from engaging in and participating in the required programs to satisfy the BPH standard of review to grant early release. Plaintiff contends

he has a due process right and liberty interest to adequate notice as to what the BPH requires of him pursuant to the California Constitution Article I, section 32.

Plaintiff should have been released on parole as all other similarly situated inmates. The standard of review applied by the BPH was outside scope of the California Constitution resulting in bias toward Plaintiff.

CDCR has an obligation to afford all eligible prisoners with available self-help programs for which BPH requires for release, and those inmates with the shortest sentence dates should be given priority.

Plaintiff seeks an injunction to compel Defendants to act consistent with the Plata/Coleman court orders, as well as compensatory and punitive damages.

## III.

## DISCUSSION

### A.   Section 1983 Linkage Requirement

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff fails to name any individual Defendant and link him/her to an affirmative act or omission giving rise to the alleged constitutional violations.

///

///

///

**B.      Immunity of Institutional Defendants**

As previously stated, Plaintiff names only BPH and CDCR, as Defendants.

The Eleventh Amendment prohibits federal courts from hearing section 1983 actions in which damages or injunctive relief is sought against state agencies (such as BPH and CDCR), absent "a waiver by the state or a valid congressional override…." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." See Fireman's Fund Ins. Co. v. City of Lodi, Cal., 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal courts…." Dittman, 191 F.3d at 1025-26 (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985); see also Brown v. Cal. Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009). "However, under Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar actions seeking only prospective declaratory or injunctive relief against state officers in their official capacities[,]" Fireman's Fund, 302 F.3d at 957 n. 28 (internal quotation and citation omitted), or, in appropriate instances, in their individual capacities, Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261 (1997).

Plaintiff cannot state a claim against the BPH and/or CDCR.

**C.      Proposition 57/Board of Parole Hearing Determination**

In November 2016, the California votes approved The Public Safety and Rehabilitation Act of 2016—Proposition 57, which took effect on November 9, 2016. People v. Marquez, 11 Cal.App.5th 816, 821 (Cal. App. 2017); Cal. Const., Art. II, § 10(a). Proposition 57 added Article I, section 32 to the California Constitution, which provides, in pertinent part, "Parole Consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense," defined as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." (Cal. Const., Art. I, § 32, subds. (a)(1), (a)(1)(A).) Proposition 57 only provides an inmate who has completed his base term with a hearing before the BPH.

4

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under … 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Id. (internal citation omitted). A prisoner's claims are within the core of habeas corpus if they challenge the fact or duration of his conviction or sentence. Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 645 (2017). Thus, in order to for Plaintiff to challenge the fact or duration of his sentence, his sole federal remedy is by way of writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 574, 479 (1973) ("Release from penal custody is not an available remedy under the Civil Rights Act"); Young v. Kenny, 907 F.2d 874, 875 (9th Cir. 1989) ("Where prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus.").

State prisoner may challenge the constitutionality of state parole procedures in an action under section 1983 when seeking declaratory and injunctive relief. Wilkinson v. Dotson, 544 U.S. 74, 76 (2005). In Wilkinson, the Court held that an inmate may bring a section 1983 action to seek invalidation of "state procedures used to deny parole eligibility…and parole suitability," but he may not seek "an injunction ordering his immediate or speedier release into the community." Id. at 82.

Here, Plaintiff does not demonstrate that the Board procedures violated his federal due process rights. The mere violation of state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim under section 1983. Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367.

In Swarthout v. Cooke, 562 U.S. 216 (2011), the Supreme Court limited the federal court's review of state parole board hearings. There, the Court held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." Swarthout, 562 U.S. at 222. The

Supreme Court stated that a federal habeas court's inquiry into whether a prisoner denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id. at 220 (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)); see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 717 (9th Cir. 2011) (issue is not whether Board's parole denial was "substantively reasonable," or whether the Board correctly applied state parole standards, but simply was "whether the state provided Miller with the minimum procedural due process outlined in [Swarthout v.] Cook").

There are no allegations contained in the complaint that Plaintiff was not provided the minimum procedural protections outlined in Swarthout. Plaintiff's allegations relating to the fact that he was improperly denied parole, are not cognizable by way of section 1983 because such allegations relate only to a violation or misinterpretation of state law. Section 1983 provides a remedy only for a violation of the Constitution or law or treaties of the United States. Swarthout, 562 U.S. at 222. "To the extent that the violation of state law amounts to the deprivation of a state created liberty interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997). Further, this Court cannot evaluate whether the evidence presented to the BPH was accurately and fairly evaluated. The Court cannot review the substantive merits of the BPH decision in a section 1983 action. Accordingly, Plaintiff fails to state a cognizable due process claim.

### D. Conspiracy

Plaintiff contends that the BPH and CDCR conspired to deny him parole.

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). "Conspiracy" is not a stand-alone claim. A conspiracy "does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation. Lacey v. Maricopa Cnty., 693 F.3d 896, 935 (9th Cir. 2012) (citations omitted).

Plaintiff fails to state a cognizable claim for conspiracy. Plaintiff fails to demonstrate that any individual Defendant conspired, how such Defendant conspired, and how the conspiracy led to a deprivation of his constitutional rights. See Harris v. Roderick, 126 F.3d 1189, 1196 (9th Cir. 1997). Accordingly, Plaintiff fails to state a claim for conspiracy.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff fails to state a cognizable claim for relief and shall be granted leave to file an amended complaint to cure the deficiencies identified in this order, if he believes he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;
3. Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length; and

///
///
///
///
///

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: __**May 1, 2019**__

_____
UNITED STATES MAGISTRATE JUDGE