# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HEWITT, | Case No.: 1:19-cv-00501-SAB (PC) |
| Plaintiff, | |
| v. | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| BOARD OF PAROLE HEARINGS, et al., | |
| Defendants. | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF THE ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| | [ECF No. 16] |

Plaintiff Michael Hewitt is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed October 23, 2019.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff challenges the Board of Parole Hearings (BPH) March 27, 2019 decision to deny his release on parole.

Plaintiff contends the BPH denied him a fair review and failed to provide the minimum standard of review. The BPH denied release on parole because he had fifteen felony convictions and he had not participated in sufficient self-help programs. The BPH acknowledged that Plaintiff was violent free for fifteen years, had participated in alternative to violence program, had participated in Narcotics Anonymous for two months, and he was incarcerated for a nonviolent victimless crime.

The BPH standard of review that was applied was taken outside the BPH's official judicatory role, and the BPH failed to afford the minimum measure of the correct standard. The decision herein constitutes ordering the issuance of a parole hold or recommending the initiation of parole revocation without due process of law. A state's statutory scheme for parole can give rise to a constitutional

liberty interest if it uses mandatory language and creates a presumption that parole release will be granted.

The BPH was arbitrary toward Plaintiff and deprived him of rights to a full and fair review. The BPH was bias where it prejudicially found that Plaintiff poses an unreasonable risk of violent to the public by relying on unreasonable factors that are sufficient to determine that Plaintiff is an unreasonable risk if released. The BPH is using reprehensible methods to further the goal of not complying with the federal mandate.

Plaintiff's work assignment limits his ability to participate in other types of programs to establish rehabilitation. Because of the work assignments he is prevented or excluded from participating in available rehabilitative programs. Inmate are not allowed to pick and choose their work assignments, and if they do not participate in the work assignment they receive a rules violation report for program failure.

The one true program that exists for addressing Plaintiff's issues that contributed to his incarceration is the substance abuse program which involves months of therapy, treatment and education. Plaintiff was denied this program because of his job placement.

The Director of Corrections has an obligation to provide Plaintiff with rehabilitation since it carries the weight of determining parole release.

The BPH deprived Plaintiff of a reasonable explanation of why he was found unsuitable for parole.

## III.
## DISCUSSION

**A.     Board of Parole Hearing as Defendant**

The Eleventh Amendment prohibits federal courts from hearing section 1983 actions in which damages or injunctive relief is sought against state agencies (such as BPH), absent "a waiver by the state or a valid congressional override…." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." See Fireman's Fund Ins. Co. v. City of Lodi, Cal., 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted). "The

3

State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal courts…." Dittman, 191 F.3d at 1025-26 (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985); see also Brown v. Cal. Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009). "However, under Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar actions seeking only prospective declaratory or injunctive relief against state officers in their official capacities[,]" Fireman's Fund, 302 F.3d at 957 n. 28 (internal quotation and citation omitted), or, in appropriate instances, in their individual capacities, Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261 (1997). Therefore, Plaintiff cannot state a claim against the BPH.

### B. Proposition 57/Board of Parole Hearing Determination

In November 2016, the California votes approved The Public Safety and Rehabilitation Act of 2016—Proposition 57, which took effect on November 9, 2016. People v. Marquez, 11 Cal.App.5th 816, 821 (Cal. App. 2017); Cal. Const., Art. II, § 10(a). Proposition 57 added Article I, section 32 to the California Constitution, which provides, in pertinent part, "Parole Consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense," defined as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." (Cal. Const., Art. I, § 32, subds. (a)(1), (a)(1)(A).) Proposition 57 only provides an inmate who has completed his base term with a hearing before the BPH.

The Due Process Clause of the Fourteenth Amendment does not provide any right "to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." Swarthout, 562 U.S. at 220. When a state enacts a statutory scheme allowing parole, however, the state creates a liberty interest and "the Due Process Clause requires fair procedures for its vindication." Id. The liberty interest at issue here is the interest in receiving parole consideration when the California standards for parole have been met, and the minimum procedures adequate for due process protection of that interest. Id. at 221. In the context of parole, the Supreme Court has held that the procedures required are minimal. Id. at 220; see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in

Cooke that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision…." (emphasis in original). Due process requires that the State furnish a parole applicant with an opportunity to be heard and a statement of reasons for the denial of parole. Swarthout, 562 U.S. at 220. Here, Plaintiff does not contend, and the record does not suggest, that Plaintiff was denied these required procedural safeguards. In fact, it is clear that Plaintiff was provided an opportunity to be heard and received a written statement of the denial.[1] Further, there is no constitutional right to participate in rehabilitation programs while incarcerated. Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir. 1982) (no right to job); Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (no right to vocational course for rehabilitation).

Moreover, the Court declines to find that there is mandatory language in Proposition 57 creating a constitutionally protected liberty interest in parole eligibility. Parole consideration of an inmate who is eligible under Proposition 57 is discretionary and is a matter of state law. Plaintiff may not "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (citations omitted). The mere violation of state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim under section 1983. Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. Accordingly, Plaintiff fails to state a cognizable due process claim.

## IV.

## CONCLUSION AND RECOMMENDATION

Plaintiff's first amended complaint fails to state a cognizable claim for relief. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's complaints, the Court is persuaded that Plaintiff is unable to

---

[1] Inmates may submit a written statement to the Board within thirty days of the date of referral. Cal. Code Regs. tit. 15, § 3492(c).

allege any additional facts that would support a claim for a due process violation and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile"); Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (a party's failure to cure factual deficiencies on amendment is "a strong indication that the [party] has no additional facts to plead" and "that any attempt to amend would be futile"). Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 25, 2019**

UNITED STATES MAGISTRATE JUDGE